**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AFFILIATED FM INSURANCE
COMPANY, a Rhode Island
corporation,
  *Plaintiff-Appellant,*

v.

LTK CONSULTING SERVICES INC., a
Pennsylvania corporation,
  *Defendant-Appellee.*

No. 07-35696

D.C. No.
CV-06-01750-JLR

OPINION

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted
December 12, 2008—Seattle, Washington

Filed December 7, 2010

Before: Robert R. Beezer, Ronald M. Gould and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Gould

19629

**COUNSEL**

William E. Pierson, Jr. (argued), Seattle, Washington, for plaintiff-appellant Affiliated FM Insurance Co.

Steven G.M. Stein, Brandon G. Hummel, and Jeffrey Winnick (argued), Stein, Ray & Harris LLP, Chicago, Illinois; Beth Andrus, Skellenger Bender, P.S., Seattle, Washington, for defendant-appellee LTK Consulting Services, Inc.

---

**OPINION**

GOULD, Circuit Judge:

Affiliated FM Insurance Company ("AFM"), subrogated to the rights of its insured, Seattle Monorail Services Joint Venture ("SMS"), sued LTK Consulting Services Inc. ("LTK"), asserting that LTK had provided negligent design advice to the Seattle Monorail System that resulted in fire damage. LTK took the position that the so-called "economic loss rule" precluded this suit and that AFM did not have an adequate interest in the Monorail System on which to base a suit in tort.

Determining that Washington law was not clear on this subject, we certified the following question to the Washington State Supreme Court:

> May party A (here, SMS, whose rights are asserted in subrogation by AFM), who has a contractual right to operate commercially and extensively on property owned by non-party B (here, the City of Seattle), sue party C (here, LTK) in tort for damage to that property, when A (SMS) and C (LTK) are not in privity of contract?

*Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009). We also told the Washington State Supreme Court:

> If the Washington State Supreme Court concludes that a party with a contractual right to operate commercially and extensively on another's property may bring a suit in tort against a third party for damage to that property, we will reverse the district court's order granting summary judgment to LTK. If, however, the Washington State Supreme Court decides that the economic loss rule, or some other legal rule, bars such a suit in tort, we will affirm the district court's grant of summary judgment in favor of LTK.

*Id.*

[1] The Washington State Supreme Court accepted the certified question and, after thoroughly considering the issues, filed its opinion, which concludes as follows:

> Applying the independent duty doctrine here, we hold that SMS may sue LTK for negligence. LTK, by undertaking engineering services, assumed a duty of reasonable care. This obligation required LTK to use reasonable care, as we have defined it, with respect to risks of physical damage to the monorail. SMS enjoyed legally protected interests in the monorail, and LTK's duty encompassed these interests. By subrogation to SMS's rights, AFM may pursue a claim for negligence against LTK. Consistent with this opinion, the answer to the Ninth Circuit's certified question is yes.

*Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, ___ P.3d ___, No. 82738-9, 2010 WL 4350338, at *10 (Wash. Nov. 4, 2010).

[2] We reverse the district court and remand for further proceedings consistent with the decision of the Washington State Supreme Court.

**REVERSED AND REMANDED.**